IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS LEE DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE, and<br>CATHERINE C. MCVEY, CHAIRMAN,<br>and the PENNSYLVANIA DEPARTMENT<br>OF CORRECTIONS, and JEFFREY A.<br>BEARD, SECRETARY,<br><br>    Defendants. | CIVIL ACTION NO. 05-330J<br><br>JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION and ORDER

**GIBSON, J.**

### INTRODUCTION

Now before the Court is Defendants' Motion to Dismiss (Document No. 10) Plaintiff Dennis Lee Davis' ("Davis" or "Plaintiff") Complaint (Document No. 1). Davis initiated this litigation on August 10, 2005, against the Pennsylvania Board of Probation and Parole ("the Board"), its chairwoman Catherine C. McVey ("McVey"), the Pennsylvania Department of Corrections ("the Department"), and the state Secretary of Corrections, Jeffrey A. Beard ("Beard") (collectively, "the Defendants"). Count I of the Complaint seeks damages, attorney's fees, and costs for an alleged violation of Davis' civil rights. 42 U.S.C. §§ 1983, 1988. Count II states a claim for false imprisonment under Pennsylvania tort law and requests punitive damages against all Defendants, jointly and severally. Defendants now move for dismissal pursuant to FED. R. CIV. P. 12(b)(6). This Court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. § 1331 and asserts supplemental jurisdiction over Count II. 28 U.S.C.

1

§ 1367. Venue is proper under 28 U.S.C. § 1391(b).

## BACKGROUND[1] AND PROCEDURAL POSTURE

On January 26, 1989, in state Criminal Case No. 181 ("181"), Plaintiff was charged with two counts of Recklessly Endangering Another Person and one count of Criminal Mischief. Plaintiff posted a bond and was released on his own recognizance. A separate criminal complaint, filed on August 12, 1989, as state Criminal Case No. 466 ("466"), accused Plaintiff of Kidnapping, Unlawful Restraint, Rape, Indecent Assault, Simple Assault, and Recklessly Endangering. These charges led to the revocation of Davis' ROR bond and bail was set for $50,000. The Docket Sheet for 181 states that on October 2, 1989, the court received and filed the Commonwealth's application to increase bail. Docket Sheet for Criminal No. 181, attached to Document No. 1, p. 2. At the same time, bail in 466, which had been set at $100,000 on August 12, 1989, was increased to $150,000. Docket Sheet for Criminal No. 466, attached to Document No. 1, p. 1. An extra condition on Davis' bail in the second case was that he have no contact with the alleged victim or members of that person's household, which included the victim of the acts charged in 181. *Id.* According to Plaintiff, the two cases shared enough facts and parties that they should have been consolidated.

Appearing before the same judge in both cases, Davis entered not guilty pleas in 181 and 466 on January 2, 1990. On January 15, 1990, 181 was continued to the next term. Docket Sheet for Criminal No. 181, attached to Document No. 1, p. 2. Meanwhile, 466 was tried before a jury, which returned the following verdicts on January 20, 1990: Plaintiff was found not guilty of Kidnapping, Unlawful Restraint, and Aggravated Assault. A mistrial was declared as to all other charges in that

---

[1] Except where otherwise indicated, the facts are taken from Plaintiff's Complaint (Document No. 1), ¶¶ 19-60. The Court has disregarded all conclusions of law stated therein.

case. Docket Sheet for Criminal No. 466, attached to Document No. 1, p. 2. On March 14, 1990, Davis pled guilty to the Reckless Endangering charge in 181 and all other charges in that cases were declared *nolle prosequi*. Davis was sentenced to one to two years of imprisonment on May 7, 1990. That order was modified on June 1 "to provide that [Davis] shall not be transferred from the Somerset Co. Jail until further order of this Court. All other provisions shall remain in effect." Docket Sheet for Criminal No. 181, attached to Document No. 1, p. 2.

In the meantime, 466 was retried, and, also on June 1, 1990, the second jury found Davis guilty of Indecent Assault, Recklessly Endangering, and Involuntary Deviate Sexual Intercourse. The jury was declared hung on the Rape charge. Docket Sheet for Criminal No. 466, attached to Document No. 1, p. 2. The Simple Assault charges were dismissed. Post trial motions in 466 were resolved in October 1991, and, in addition to fines and restitution orders, Davis received six to twelve years incarceration on the Deviate Intercourse charge, one to two years incarceration on the Indecent Assault charge, and one to two years incarceration on the recklessly Endangering charge. The court ordered that Davis would concurrently serve all sentences from both 181 and 466. Docket Sheet for Criminal No. 466, attached to Document No. 1, p. 2.

Plaintiff served his sentences in four different facilities between 1989 and 2003. He was released from state custody on August 11, 2003. Davis claims that he served a total of fourteen years in jail, 20 months beyond what his maximum sentence allowed, and alleges that this additional time "was due to the fact that [he] was not given credit for time that he had served relative to Case Numbers 181 and 466, combined," a mistake on Defendants' part. Document No. 1, ¶ 41.

Count I of the Complaint alleges that Defendants were all "persons" within the meaning of § 1983, that they were acting "not as individuals, but under color and pretense of State authority," and that

3

their conduct deprived Davis of both life and liberty without due process of law, as well as the equal protection of the laws. *Id.* at ¶¶ 47-48. Davis asserts that Defendants' conduct violated his procedural and substantive rights under the Fourteenth Amendment and that their actions "were performed knowingly, recklessly, intentionally and maliciously," entitling him to punitive damages. *Id.* at 9-10.

In Count II, Davis states a claim under Pennsylvania law for False Imprisonment, alleging that Defendants improperly denied various applications for credit of time and parole applications. Among them was a letter Davis wrote to the Somerset County Clerk of Courts on May 22, 2002, asking for verification of his sentence.

> Upon receipt of this letter, none of the Defendants made an investigation into the concerns reflected therein. Had they made inquiry, they would have discovered that ten months served waiting for sentencing in Case No. 181 should have been credited to Case No. 466 as well. Because the two cases were to run concurrently, there was no prohibition against the proper application of this time to that case. Taking it away from one case and then not adding it to the other case made a total of twenty months additional incarceration that the Plaintiff served.

*Id.* at 13. Thus, "by virtue of the negligence of [McVey and Beard] in the administration of the [Board and Department, respectively,] the Plaintiff was damaged." *Id.* at 12-13.

The Court first notes that Defendants have made no argument that the Department is immune from suit under § 1983. Instead, Defendants' Motion asserts that the Board is not a "person," is thus outside the ken of § 1983, and is furthermore immune from suit under the Eleventh Amendment to the United States Constitution. Document No. 11, p. 2. Defendants also argue that the Complaint does not adequately allege the personal involvement of McVey and Beard necessary to sustain a § 1983 claim against them, and that Davis improperly relies on *respondeat superior*. *Id.* at 2-3. Lastly, Defendants posit that state law protects each of them from intentional tort claims.

Davis counters that the Supreme Court has expressly "held that state officials sued in their

4

individual capacities are 'persons' within Section 1983...." Brief in Opposition to Motion to Dismiss (Document no. 13), p. 8 (citing *Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991)). Further, according to Plaintiff, since the seminal case of *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), state officials have been vulnerable to civil rights claims despite the Eleventh Amendment. *Id.* at 9. Davis advances virtually the same argument in defense of local agency liability for civil rights violations. *Id.* at 11-13. Finally, Davis fails to squarely address Defendants' arguments regarding his state tort claim, but instead recites the elements of false imprisonment and avers their satisfaction in this case. *Id.* at 13.

## ANALYSIS

### I. Applicable Standard

When analyzing a 12(b)(6) motion, the issue is not whether the plaintiffs will prevail at the end but only whether they should be entitled to offer evidence to support their claim. *Lake v. Arnold*, 112 F.3d 682, 688 (3d Cir. 1997); *Niami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). A court may only dismiss a complaint if it is clear that relief would not be available under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1957). The Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *D.P. Enters., Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943 (3d Cir. 1984). "In considering a rule 12(b)(6) motion, a court may consider an undisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Steinhardt Group v. Citicorp*, 126 F.3d 144, 145 (3d Cir. 1997).

When a 12(b)(6) motion is granted, a district court should not dismiss the civil action but instead provide the claimant at least one opportunity to amend the defective complaint. However, when further amendment would be futile, an action or claim may be dismissed with prejudice and that plaintiff barred from raising it again. *Heller v. Fulare*, 371 F. Supp. 2d 743, 746 (W.D. Pa. 2005) (citing CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (3d ed. 2004)).

## II. Davis' § 1983 Claim Against the Board

Third Circuit precedent indicates that the Board is not a "person" within § 1983. *Madden v. N.J. State Parole Bd.*, 438 F.2d 1189 (3d Cir. 1971). In *Madden*, the court found that the appellant-inmate lacked the deprivation of a federal right necessary to preface his § 1983 case. *Madden*, 438 F.2d at 1190. In dismissing the claim, however, the court also noted with implicit approval cases holding that parole boards do not meet the statutory requirements for § 1983 suits. *Id.* (citing *Simmons v. Maslysnky*, 45 F.R.D. 127 (E.D. Pa.1968); *Richardson v. Rivers*, 335 F.2d 996 (D.C. Cir. 1954). *See also Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977) (declaring in dicta that the "Board, of course, cannot be sued for it is not a 'person' within the meaning of Section 1983"); *Poole v. DOC*, 153 Fed. Appx. 816, 818 (3d Cir. 2005) (nonprecedential opinion) (finding appellant's claims "barred as to the Department of Corrections and the Board of Probation and Parole" under Supreme Court precedent); *Jones v. Eagleville Hosp. & Rehab. Ctr.*, 588 F. Supp. 53 (E.D. Pa. 1984) (granting the Board's motion to dismiss under *Thompson*); *Taylor v. Pa. Bd. of Parole*, 263 F. Supp. 450, 450 (M.D. Pa. 1967) ("[T]here is no doubt but that the Pennsylvania Board of Parole is not a 'person' within the meaning of 42 U.S.C. § 1983, and it is not subject to suit thereunder."). These cases compel the conclusion that Plaintiff is barred as a matter of law from suing a state agency such as the Board under § 1983.

A review of the Supreme Court's caselaw demonstrates no reason to find otherwise. The

Supreme Court's foundational decision in *Will v. Michigan Dept. of State Police* established that states are not "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Nothing has curtailed that principle in the years since *Will*, though the Supreme Court has refined its § 1983 doctrine to more clearly illustrate when state officials are subject to suit: "[S]tate officials, sued in their individual capacities, are 'persons' within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts." *Hafer v. Melo*, 502 U.S. 21, 31, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). Because *Hafer* addresses the circumstances under which individual state officers are subject to suit under § 1983, it leaves undisturbed the core holding in *Will* that state agencies are not persons for § 1983 purposes. There is no plausible argument that the Board is anything other than a state entity, and as an arm of the state, it is exempt from suit under § 1983. *See Will*, 491 U.S. at 70; *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977) (holding that whether an entity is an arm of the state determines the applicability of Eleventh Amendment immunity); *Febres v. Camden Bd. of Educ.*, 445 F.3d 227 (3d Cir. 2006) (applying arm-of-state analysis).

Because they are not directly vulnerable to suit under § 1983, state agencies such as the Board are only vulnerable to suit for damages[2] under federal law to the extent that the state has waived its Eleventh Amendment immunity. *Wheeling & Lake Erie Ry. v. PUC*, 141 F.3d 88, 91-92 (3d Cir. 1998). Pennsylvania law, however, expressly preserves this immunity. *See* 42 PA. C.S. § 8521 ("Nothing

---

[2] Davis' requested relief undermines his reliance on *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908). That case excepts from Eleventh Amendment sovereign immunity suits against state officials for prospective relief. Suits against states or state agencies for damages, however, are allowed only to the extent the defendant is a person under § 1983 or the defendant has voluntarily waived its sovereign immunity. *Pa. Fed'n. of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).

7

contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."); *Dill v. Oslick*, 1999 U.S. Dist. LEXIS 10746 (E.D. Pa. 1999) (respecting the Board's Eleventh Amendment immunity and citing supporting caselaw).

Applicable law thus clearly establishes that the Board maintains its Eleventh Amendment immunity from lawsuits brought under federal law. Because there are no circumstances under which the Board could be liable for violating Plaintiff's civil rights, the Court has no choice but to dismiss with prejudice Davis' § 1983 claim as against this defendant.

## II. Davis' § 1983 Claim Against the Department

Though Defendants have not moved for dismissal of Davis' § 1983 claim against the Department, the Court has the power to *sua sponte* dismiss a claim under FED. R. CIV. P. 12(b)(6) "where appropriate." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 n.15 (3d. Cir. 2002) (citing *Oatess v. Sobolevitch*, 914 F.2d 428, 430 n.5 (3d Cir. 1990)). The analysis attending the Court's dismissal of Davis' § 1983 claim against the Board applies with equal vigor to Plaintiff's § 1983 claim against the Department. As no amendment could avoid this result, the Court, acting on its motion, hereby dismisses with prejudice this claim as well.

## III. The § 1983 Claims Against McVey and Beard

"To establish a claim under 42 U.S.C. § 1983, [Plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States. In addition, he must show that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). Furthermore, state officials named as a defendant must be sued in their individual capacities:

8

> When state officials are sued in their official capacities for damages, that suit is treated as one against the state and the official is not considered to be a "person." Hence, § 1983 cannot be invoked. On the other hand, when the § 1983 suit seeks damages against the state officials in their individual or personal capacities, it may be maintained (subject to any applicable immunity doctrine) even though they acted in their official capacities in the matter at issue.

*Powell v. Ridge*, 189 F.3d 387, 401 (3d Cir. 1999) (citations omitted). Thus, it is crucial to the viability of Davis' remaining § 1983 claims that McVey and Beard are named as defendants in their individual capacities.

The Court is aware of its obligation not only to draw all reasonable inferences in the nonmovants favor, as required by FED. R. CIV. P. 12(b)(6), but also to construe all pleadings so "as to do substantial justice," according to FED. R. CIV. P. 8(f). *See also West v. Keve*, 571 F.2d 158, 163 (3d Cir. 1978) (construing liberally a complaint to allege claims against state officials in their individual capacities, though recognizing that if "the complaint in this case is read narrowly and technically, it can be concluded that the defendants were being sued only in their official capacities"). The *West* court, however, had the benefit of documents and pleadings that stated facts "constituting a damage claim against the defendants in their individual capacities." *Id*.

In the case *sub judice*, Count I of Davis' Complaint expressly states that "[a]ll actions complained of herein were done by the Defendants, not as individuals, but under color and pretense of State authority giving them the authority to take the actions complained of herein." Complaint (Document No. 1), ¶ 7. While Plaintiff satisfies one § 1983 pleading requirement by alleging that McVey and Beard acted under color of state law, the record is bereft of any indication that Davis is suing anyone in their individual capacity. The Complaint infrequently mentions either McVey or

Beard,[3] and one excerpt adequately represents the character of those instances: "This additional twenty months was served because of mistakes by the [Board], with Defendant, Catherine C. McVey as its Chairman, and by the [Department], with Defendant, Jeffrey A. Beard as its Secretary." Document No. 1, ¶ 42. Such an allegation relies entirely on the individual Defendants' official positions to impute their liability from the actions of their respective departments.[4] The Court is unable to find the Federal Rules sufficiently elastic to transmute such thin allegations into claims against McVey and Beard as individuals.

Plaintiff's Complaint thus collides with the governing case of *Rode v. Dellarciprete*, in which the Third Circuit held that "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The court counseled that "[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id. See also Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (affirming the dismissal of a § 1983 suit where the plaintiff did not allege any facts indicating that the defendant-official directed or knew of the claimed injury). Cases since *Rode* and *Evancho* establish that, although § 1983 plaintiffs need only satisfy the simple notice pleading requirements of FED. R. CIV. P. 8, "[t]his requirement is established where the complaint . . . adequately states the conduct, time, place, and persons responsible." *Lynn v. Christner*, 2006 U.S. App. LEXIS 14248, *11 (3d Cir. 2006) (nonprecedential opinion). Davis must therefore do more than allege that entities led by McVey and

---

[3] The two are only mentioned in the Complaint as the heads of their respective entities. Document No. 1, ¶¶ 3, 4, 8, 42, 66, 71, 75.

[4] Additionally, neither defendant appears in the exhibits attached to the Complaint, and Plaintiff's Brief in Opposition to the Motion makes only one substantive mention of the two remaining § 1983 defendants. Document No. 13, p. 3. This reference to McVey and Beard is also limited to their leadership of the Board and Department.

Beard violated his civil rights; his Complaint should also set forth the circumstances demonstrating that McVey and Beard personally directed or knowledgeably acquiesced to any such violation. By virtue of his failure to do so, the Court must dismiss Count I without prejudice for failure to state a claim against defendants McVey and Beard.

The Court also pauses to express its skepticism concerning Davis' substantive due process claim. Plaintiff is certainly free to impugn the procedures that caused him to remain in prison beyond his scheduled release date, but the Supreme Court has cast doubt on his ability to claim that the delay violated any substantive right safe-guarded by the Fourteenth Amendment. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (plurality opinion) (quoting *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)). That is, "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272, n.7, 117 S. Ct. 1219, 137 L. Ed. 2d 432 (1997).

The Eighth Amendment protects convicted individuals from "cruel and unusual punishments," and the Third Circuit has recognized a cause of action under this provision for prisoners detained past their scheduled release date. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993). In light of the Supreme Court's reluctance to recognize substantive due process actions that are better grounded elsewhere in the Constitution, Davis' substantive Fourteenth Amendment claims may be more readily cognized under the *Sample/Moore* line of cases.

## IV. Plaintiff's False Imprisonment Claim

Defendants also argue that they are immune to Davis' state tort claim. Sovereign immunity protects the "Commonwealth [of Pennsylvania], and its officials and employees acting within the scope of their duties . . . from suit except as the General Assembly shall specifically waive the immunity." 1 PA. C.S. § 2310 (2006). Pennsylvania's Sovereign Immunity Act ("SIA"), 42 PA. C.S. §§ 8521-28, waives the state's immunity "for damages arising out of a negligent act where the common law or a statute would permit recovery if the injury were caused by a person not protected by sovereign immunity." *Mullin v. DOT*, 870 A.2d 773, 779 (Pa. 2005) (citing 42 PA. C.S. § 8522(a). Furthermore, the specific claim for damages must fall within one of nine narrowly construed categories. *Id.* at 786 n.8 (noting that "exceptions to sovereign immunity are to be narrowly construed"). These include: (1) vehicle liability; (2) medical professional liability; (3) care custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 PA. CONS. STAT. ANN. § 8522(b); *Durham v. Dep't of Corr.*, 173 Fed. Appx. 154, 157 (3d Cir. 2006) (nonprecedential opinion).

Pennsylvania courts have made explicit the principle implied in the language of the SIA: "[W]hen an employee of a Commonwealth agency was acting within the scope of his or her duties, the Commonwealth employee is protected by sovereign immunity from the imposition of liability for intentional tort claims." *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Commw. Ct. 1992). *See also McGrath v. Johnson*, 67 F. Supp. 2d 499, 511 (E.D. Pa. 1999) ("Commonwealth employees are immune from liability even for intentional torts."). This protection is sensibly derived from the language of the SIA; intentional torts cannot, by nature, sound in negligence. *See Martz v. Se. Pa. Transp. Auth.*, 598

12

A.2d 580, 582 (Pa. Commw. Ct. 1991) (affirming a grant of summary judgment because an action for false imprisonment cannot possibly satisfy the demands of § 8522 that the claim arise out of negligence).

Davis' state tort claim cannot survive against the two defendants that could not have been acting in anything other than an official capacity. Count II is therefore dismissed with prejudice as to the Board and the Department. In relation to the remaining defendants, Plaintiff has failed to bring suit against them in their individual capacities. McVey and Beard therefore remain shrouded in the protection of sovereign immunity. However, if Davis is able to allege facts that McVey and Beard, acting individually and outside of their official capacities, falsely imprisoned him, then his intentional tort claim might survive a subsequent 12(b)(6) motion. The Court must therefore allow leave for Davis to amend his Complaint accordingly, and dismiss without prejudice Count II as to defendants McVey and Beard.

## CONCLUSION

For the reasons stated in this Memorandum Opinion, the Court shall grant Defendants' Motion to Dismiss with prejudice as to Defendant Pennsylvania Board of Probation and Parole and Defendant Pennsylvania Department of Corrections, and without prejudice as to Defendant Catherine C. McVey and Defendant Jeffrey A. Beard.

An appropriate order follows.

**AND NOW**, this 13th day of October, 2006, after consideration of the Defendants' Motion to Dismiss (Document No. 10) and in accordance with the foregoing Memorandum Opinion, **IT IS HEREBY ORDERED** that the Motion is **GRANTED** as follows:

1) Count I is DISMISSED WITH PREJUDICE as to Defendant Pennsylvania Board of Probation and Parole and Defendant Pennsylvania Department of Corrections; AND

2) Count I is DISMISSED WITHOUT PREJUDICE as to Defendant Catherine C. McVey and Defendant Jeffrey A. Beard; AND

3) Count II is DISMISSED WITH PREJUDICE as to Defendant Pennsylvania Board of Probation and Parole and Defendant Pennsylvania Department of Corrections; AND

4) Count II is DISMISSED WITHOUT PREJUDICE as to Defendant Catherine C. McVey and Defendant Jeffrey A. Beard; AND

5) Plaintiff is granted twenty (20) days from the date of this order to file an amended complaint.

BY THE COURT:

*/s/ Kim R. Gibson*
KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Cc: All counsel of record.