# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENNIS LEE DAVIS, )
)
                Plaintiff, )    CIVIL ACTION NO. 3:05-330J
)
v. )
)    JUDGE KIM R. GIBSON
PENNSYLVANIA BOARD OF )
PROBATION AND PAROLE, and )
CATHERINE C. MCVEY, CHAIRMAN, )
and the PENNSYLVANIA DEPARTMENT )
OF CORRECTIONS, and JEFFREY A. )
BEARD, SECRETARY, )
)
                Defendants. )

## MEMORANDUM OPINION

**Gibson, J.,**

Presently before the Court is Defendants' Motion for Judgment on the Pleadings (Doc. No. 24) pursuant to Fed.R.Civ.P. 12(c) together with the briefs submitted by the parties in support and in opposition. Having considered the papers submitted, the Court hereby GRANTS Defendants' motion on both causes of action.

## BACKGROUND

This litigation, commenced on August 10, 2005, by Plaintiff Dennis Lee Davis' ("Davis" or "Plaintiff") complaint, asserted two counts for relief against the Pennsylvania Board of Probation and Parole ("the Board") and its chairwoman, Catherine C. McVey ("McVey"), and the Pennsylvania Department of Corrections ("the Department") and the state Secretary of Corrections, Jeffrey A. Beard ("Beard"). The Court issued a Memorandum Opinion and Order on October 13, 2006 (Doc. No. 15), ruling on Defendants' Motion to Dismiss (Doc. No. 10), in which the claims against the

Department and the Board were dismissed with prejudice on immunity grounds, and the claims against McVey and Beard (together, "Defendants") were dismissed without prejudice with Plaintiff being granted leave to amend his Complaint.

Plaintiff filed an Amended Complaint (Doc. No. 18) on November 14, 2006, asserting the same two claims against Defendants McVey and Beard in their individual capacities. Count I of the Amended Complaint seeks damages, attorney's fees, and costs for allegedly violating Davis' civil rights under 42 U.S.C. §§ 1983 and 1988. Count II charges false imprisonment under Pennsylvania tort law and requests punitive damages against Defendants, jointly and severally. Defendants filed their Motion for Judgment on the Pleadings on March 1, 2007, seeking to foreclose Plaintiff's claims against the Defendants and end this litigation. This Court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. § 1331 and asserts supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b).

The facts of this case remain the same since the Court's Opinion on Defendants' Motion to Dismiss; therefore, the recitation of facts will be repeated verbatim from that document except without the citation to the record.

On January 26, 1989, in state Criminal Case No. 181 ("181"), Plaintiff was charged with two counts of Recklessly Endangering Another Person and one count of Criminal Mischief. Plaintiff posted a bond and was released on his own recognizance. A separate criminal complaint, filed on August 12, 1989, as state Criminal Case No. 466 ("466"), accused Plaintiff of Kidnapping, Unlawful Restraint, Rape, Indecent Assault, Simple Assault, and Recklessly Endangering. These charges led to the revocation of Davis' ROR bond, and bail was set for $50,000. The Docket Sheet for 181 states that on October 2, 1989, the court received and filed the Commonwealth's application to

2

increase bail. At the same time, bail in 466, which had been set at $100,000 on August 12, 1989, was increased to $150,000. An extra condition on Davis' bail in the second case was that he have no contact with the alleged victim or members of that person's household, which included the victim of the acts charged in 181. According to Plaintiff, the two cases shared enough facts and parties that they should have been consolidated.

Appearing before the same judge in both cases, Davis entered not guilty pleas in 181 and 466 on January 2, 1990. On January 15, 1990, 181 was continued to the next term. Meanwhile, 466 was tried before a jury which returned the following verdicts on January 20, 1990: Plaintiff was found not guilty of Kidnapping, Unlawful Restraint, and Aggravated Assault. A mistrial was declared as to all other charges in that case. On March 14, 1990, Davis pled guilty to the Reckless Endangering charge in 181 and all other charges in that case were declared *nolle prosequi*. Davis was sentenced to one to two years of imprisonment on May 7, 1990. That order was modified on June 1 "to provide that [Davis] shall not be transferred from the Somerset Co. Jail until further order of this Court. All other provisions shall remain in effect."

In the meantime, 466 was retried, and, also on June 1, 1990, the second jury found Davis guilty of Indecent Assault, Recklessly Endangering, and Involuntary Deviate Sexual Intercourse. The jury was declared hung on the Rape charge. The Simple Assault charges were dismissed. Post trial motions in 466 were resolved in October 1991, and, in addition to fines and restitution orders, Davis received six to twelve years incarceration on the Deviate Intercourse charge, one to two years incarceration on the Indecent Assault charge, and one to two years incarceration on the Recklessly Endangering charge. The court ordered that Davis would concurrently serve all sentences from both 181 and 466.

3

Plaintiff served his sentences in four different facilities between 1989 and 2003. He was released from state custody on August 11, 2003. Davis claims that he served a total of fourteen years in jail, 20 months beyond what his maximum sentence allowed, and alleges that this additional time "was due to the fact that [he] was not given credit for time that he had served relative to Case Numbers 181 and 466 combined," a mistake on Defendants' part.

Count I of Plaintiff's Amended Complaint alleges that Defendants, in depriving Plaintiff of his constitutional rights, "were in violation of their official duties, were therefore *ultra vires* in nature, and thus subject these two Defendants to individual liability." Doc. No. 18, ¶ 42. Davis asserts that Defendants violated his civil rights under the Eighth and Fourteenth Amendments to the United States Constitution by acting with deliberate indifference to his plight.

Count II charges False Imprisonment under Pennsylvania Law against Defendants, alleging that Defendants improperly denied various applications for credit of time and parole applications. Plaintiff asserts under this count as well that Defendants actions were *ultra vires* and that their conduct amounted to deliberate indifference to Plaintiff's "additional" incarceration.

## LEGAL STANDARD

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Federal courts have generally been reluctant to grant a Rule 12(c) motion for Judgment on the Pleadings, because it provides for summary disposition of a party's claim on the merits before discovery. *See Cario-Medical Assoc. v. Crozer-Chester Med. Ctr.*, 536 F. Supp. 1065, 1072 (E.D. Pa. 1982); *Southmark Prime Plus, L.P. v. Falcone*, 776 F. Supp. 888, 891 (D. Del. 1991). Granting the motion is only appropriate where the movant "clearly establishes that no material issue of fact remains to be resolved and that he is

4

entitled to judgment as a matter of law." *Jablonski v. Pan Am. World Airways*, Inc., 863 F.2d 289, 290 (3d Cir. 1988) (*citing Society Hill Civic Assoc. v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)).

A Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) is analyzed under the same standard as a 12(b)(6) motion in that the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Mele v. Fed. Reserve Bank*, 359 F.3d 251, 253 (3d Cir. 2004); *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *D.P. Enters., Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943 (3d Cir. 1984). In addition to the pleadings, Courts may also consider any undisputably authentic documents attached as exhibits. *Steinhardt Group v. Citicorp*, 126 F.3d 144, 145 (3d Cir. 1997); *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1197 (3d Cir. 1993).

In this matter, Judgment on the Pleadings is appropriate because there are no disputed material facts relevant to the outcome. Furthermore, a proper and sound judgment on the merits may be achieved by focusing solely upon the content of the parties' pleadings and exhibits.

## **ANALYSIS**

The Court's analysis is limited to the arguments advanced in the briefs before the Court,[1] which provide sufficient legal grounds to show that as a matter of legal certainty, Plaintiff's claims

---

[1] Because the individual capacity issue has not been raised or argued by the parties, the Court will forgo a *sua sponte* analysis of the sufficiency of the allegations against McVey and Beard in the Amended Complaint. This Court made clear in its previous Memorandum Opinion on Defendants' 12(b)(6) motion that for Plaintiff to maintain claims against Defendants McVey and Beard, Plaintiff must establish Defendants' liability in their individual capacities. For the constitutional claims, Plaintiff would need to assert that Defendants personally directed or knowledgeably acquiesced to the alleged violations. For the false imprisonment claim, Plaintiff would need to show that Defendants individually acted outside of their official capacities. However, despite this previous guidance from the Court, Defendants do not raise this issue in their pending motion and brief. Rather, Defendants' argument is that Plaintiff was not incarcerated beyond the expiration of his maximum sentence and as such his civil rights claim and his state law tort claim lack legal merit. Plaintiff's counter-argument is simply that Defendants fail to cite any authority in arguing the propriety of the state court's sentencing activities and hence these mere statements can not be relied upon by the Court in ruling on the motion.

5

cannot succeed under any set of conceivable facts.

Plaintiff argues that he served a sentence longer than that allowed by law. However, an assessment of the relevant statutes and court opinions reveals that Plaintiff has either misread or misunderstood the law. As will be clarified in the following analysis, Pennsylvania law simply does not allow a sentencing judge to issue credit to a defendant for prison time served on an unrelated charge.

Two statutes are particularly relevant to this issue. First, 42 Pa. C. S. section 9760 provides in part:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based . . .
> (2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts . . .

Second, former Pa. R. Crim. P. 1406(c), prior to amendment on November 7, 1996, effective January 1, 1997, provided:

> When, at the time sentence is imposed, the defendant is imprisoned under a sentence imposed for any other offense or offenses, the instant sentence which the judge is imposing shall be deemed to commence from the date of imposition thereof unless the judge states that it shall commence from the date of expiration of such other sentence or sentences.

Pennsylvania courts have been clear in interpreting these statutes to prevent a sentencing judge from back-dating the beginning of the sentence, when the defendant is incarcerated on an unrelated charge. *Doxsey v. Commonwealth*, 674 A.2d 1173, 1175 (Pa. Commw. Ct. 1996) ("It is clear that under this rule a sentencing judge cannot direct that a sentence commence on a date prior

6

to the date of sentencing when the defendant is serving time on an unrelated charge.") (citing *Doria v. Dep't of Corrections*, 630 A.2d 980 (Pa. Commonw. Ct. 1993), *aff'd per curiam*, 652 A.2d 281 (Pa.1994)); *see also Wassell v. Pa. Bd. of Prob. and Parole*, 658 A.2d 466 (Pa. Commw. Ct. 1995).

Therefore, the subsequent dispositive issue is whether Defendant's two sentences were "unrelated." The only similarity between the acts giving rise to the charges in 181 and 466 appear to be the identity of the victims. "[S]o long as the crimes are not greater or lesser included offenses, [defendants] are liable for as many crimes as they are convicted of and may be sentenced for each such crime." *Commonwealth v. Shank*, 883 A.2d 658, 671 (Pa. Super. Ct. 2005) (citing *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20, 22 (Pa. 1994)) (alterations in original). Furthermore, Plaintiff was sentenced separately from two criminal informations. Upon the weight of this evidence, the Court finds that the sentences were imposed for unrelated charges.

Because the sentences were imposed for unrelated charges, once credit for time was awarded for the sentence on the charges at 181, Plaintiff was not entitled to credit for the same time awarded for the sentence on the charges at 466. Pennsylvania courts "do not deal in volume discounts" for criminal conduct. *Commonwealth v. Hollawell*, 413 Pa. Super. 42, 604 A.2d 723, 726 (Pa. Super. Ct. 1992). The Court therefore finds that the earliest date that Plaintiff's sentence in 466 could have commenced was August 12, 1991, the date on which Plaintiff's time in custody was no longer being credited to the sentence at 181 and while Plaintiff was awaiting sentencing on the convictions at 466.

## CONCLUSION

Thus, the Court finds as a matter of law that the calculation of Plaintiff's sentences was entirely proper. Both of Plaintiff's claims, by their very nature, depend upon the idea that the sentence he served was somehow improper. Since sentencing and time served was proper, neither

7

Count 1, Plaintiff's civil rights claim, nor Count 2, Plaintiff's false imprisonment claim, has any possibility of success. No jury could reasonably find, under any possible factual scenarios within the context of this case, that either of Plaintiff's claims is viable. Furthermore, the Court finds that further amendment of Plaintiff's Complaint would be futile, as Plaintiff has not and indeed cannot state a claim upon which relief can be granted; hence, Plaintiff should not be entitled to offer additional evidence in an attempt to support this non-viable claim. The case cannot be permitted to proceed to trial, as Defendants are assured of victory as a matter of law.

For all of the foregoing reasons, Defendant's motion is granted and hence this case is terminated. An appropriate follows.

And now, this 20th Day of October, 2008, **IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. No. 24) is granted. **IT IS FURTHER ORDERED THAT** because the Court finds the defects of Plaintiff's Amended Complaint will not be cured by amendment, Plaintiff's claims are dismissed without leave to amend.

BY THE COURT:

Kim R. Gibson
United States District Judge